IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CURTIS CALVIN YARBROUGH, §
§
      Petitioner, §
§
V. § CIVIL ACTION NO.  H-05-0157
§
DOUGLAS DRETKE, TEXAS §
DEPARTMENT OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
§
      Respondent. §

## MEMORANDUM AND ORDER GRANTING
## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's Motion for

Summary Judgment (Document No. 15), and Petitioner's Cross Motion for Summary Judgment

(Document No. 21).  Having considered the motions, the parties' briefing, Petitioner's claims, the

state court records, and the applicable law, the Court ORDERS,[1] for the reasons set forth below, that

Respondent's Motion for Summary Judgment is GRANTED, Petitioner's Cross Motion for

Summary Judgment is DENIED, and this § 2254 proceeding is DISMISSED as time-barred pursuant

to 28 U.S.C. § 2244(d).


I.     **Procedural History**

Petitioner Curtis Calvin Yarbrough ("Yarbrough") is currently incarcerated in the Texas

Department of Criminal Justice, Correctional Institutions Division, as a result of a 1990 conviction

---

[1] On November 9, 2005, pursuant to the parties' consent, this case was transferred by the
District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document
No. 22.

for burglary of a habitation with intent to commit theft in the 184th District Court of Harris County, Texas, Cause No. 542971, for which he was sentenced to fifty years incarceration. Yarbrough is not directly challenging that conviction. Instead, he is challenging the revocation of his parole on October 16, 2002. Yarbrough contends his parole was unconstitutionally revoked in that: (1) he was given inadequate notice of the parole violation; (2) he was not allowed to introduce certain evidence at the revocation hearing; (3) he was not allowed to challenge the lesser-included offense upon which his parole was revoked; (4) the revocation was based on erroneous findings; and (5) the audio tape of the revocation hearing is inaudible resulting in the denial of an effective appeal. Yarbrough raised these same claims with the Texas courts in a state application for writ of habeas corpus he filed on September 24, 2003. That application was denied by the Texas Court of Criminal Appeals on August 25, 2004, without written order. *Ex Parte Yarbrough*, Application No. 58,740-01. This § 2254 proceeding, filed by Yarbrough on or about January 18, 2005, followed.[2]

## II.   Discussion

Respondent argues in the Motion for Summary Judgment that this § 2254 proceeding and the claims raised herein are time-barred under 28 U.S.C. § 2244(d). According to Respondent,

---

[2] For purposes of § 2244(d)'s limitation period, Yarbrough's § 2254 application is deemed to have been filed on the date he placed the application in the mail system for filing. *See Houston v. Lack*, 487 U.S. 266 (1988) (announcing a "mailbox rule" for *pro se* prisoner filings, whereby a prisoner's *pro se* filing is deemed filed as of the date such filing is entrusted to the prison mail system); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998) (holding, in reliance on *Lack*, that "a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing"). Yarbrough's § 2254 application is not dated. In addition, the file does not contain the envelope in which the § 2254 application was mailed to the Court. The only date on Yarbrough's § 2254 application is the date the Clerk received and filed the application – January 18, 2005.

Yarbrough had one year from the date his parole was revoked – that being the date upon which Yarbrough knew of, or could have discovered through the exercise of due diligence, the factual basis of his claims – to file a timely § 2254 application.  Excluding from the one year limitations period the time Yarbrough had a pending state application for writ of habeas corpus, Yarbrough's § 2254 was filed over four months late.  In response to Respondent's motion, Yarbrough argues that the limitations period does not apply because the revocation of his parole does not constitute a "judgment" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  Additionally, Yarbrough argues in his Cross Motion for Summary Judgment that because Respondent's Motion for Summary Judgment was not filed by the date originally set by the Court for such a motion, he is entitled to summary judgment on his claims.

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one year limitations period.  28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented

3

could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Yarbrough's § 2254 application was filed after the effective date of AEDPA and is subject to the one year limitations period. *Lindh v. Murphy*, 521 U.S. 320 (1997) (holding that AEDPA only applies to federal habeas corpus applications which were filed after April 24, 1996, the effective date of the AEDPA).  Applying that one year limitations period, Yarbrough had one year from the date his claims accrued to file a timely § 2254 application.

By statute, the time during which Yarbrough had a properly pending state collateral proceeding pending is not counted towards the one year limitations period.  *See* 28 U.S.C. § 2244(d)(2).  However, the pendency of other state court proceedings, including mandamus proceedings, have no effect on the one year limitations period.  *Moore v. Cain*, 298 F.3d 361, 366-367 (5th Cir. 2002).

Yarbrough's complaints about the revocation of his parole on October 16, 2002, are complaints which accrued, or could have been discovered through the exercise of due diligence, on October 16, 2002, the date his parole was revoked.  *See* 28 U.S.C. § 2244(d)(1)(D); *see also e.g. Kimbrell v. Cockrell*, 311 F.3d 361, 363-364 (5th Cir. 2002) (holding that where an inmate challenges a prison disciplinary proceeding, the  limitations period commences, under § 2244(d)(1)(D) on the date of the disciplinary hearing).[3]  The one year limitations period commenced on that date and,

---

[3] The limitations period could not have commenced at a later date.  Yarbrough is not challenging his conviction, 28 U.S.C. § 2244(d)(1)(A), has not alleged that he was impeded by unconstitutional State action from filing a timely § 2254 application, 28 U.S.C. § 2244(d)(1)(B), and has not asserted a claim premised on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review", 28 U.S.C.

exclusive of the time during which Yarbrough's state application for writ of habeas corpus was pending, expired one year later, on October 16, 2003.  Under § 2244(d)(2), the limitations period did not run while Yarbrough's state application for writ of habeas corpus was pending, from September 24, 2003, through August 25, 2004.  Excluding that time from the calculation of the limitations period, however, does not render Yarbrough's claims, or this § 2254 proceeding, timely under § 2244(d).  The limitations period ran from October 16, 2002, the date Yarbrough's parole was revoked, through September 23, 2003, the day before Yarbrough filed his state application for writ of habeas corpus, a period of 342 days; and from August 26, 2004, the day after Yarbrough's state application for writ of habeas corpus was denied, through January 18, 2005, the date this § 2254 proceeding was filed, a period of 142 days, for a total well in excess of the one year limitations period.[4]  Yarbrough's complaints about the revocation of his parole are therefore untimely under § 2244(d).

While equitable tolling may, in rare and exceptional circumstances, operate to excuse the late filing of a § 2254 habeas corpus application, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999), no rare and exceptional circumstances have been set forth by Yarbrough, or can otherwise be found in this case.[5]  The record shows that sufficient time existed

---

§ 2244(d)(1)(C).

[4] On March 19, 2003, approximately five months after his parole had been revoked, Yarbrough filed a motion with the Texas Board of Pardons and Paroles to reopen the revocation proceeding.  That motion, which was admittedly untimely, cannot be construed as a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" for purposes of statutory tolling of the limitations period under § 2244(d)(2).

[5] Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265

following the denial of Yarbrough's state application for writ of habeas corpus for Yarbrough to file a timely § 2254 application.  Instead of exercising diligence, Yarbrough waited over four months to file his § 2254 application.  Upon this record there is no basis for equitable tolling, and therefore Respondent is entitled to summary judgment on the limitations defense.

As for Petitioner's Cross Motion for Summary Judgment, which is premised on Yarbrough's argument that Respondent's Motion for Summary Judgment was not timely filed, the record conclusively shows that Yarbrough cannot prevail on that argument.  Respondent requested an extension of time to file a responsive pleading.  In an Order entered on June 24, 2005, Respondent was given until July 20, 2005, to file a responsive pleading.  (Document No. 13).  Respondent's Motion for Summary Judgment was received and filed on July 20, 2005, and was therefore timely.

### III.   Conclusion and Order

Based on the foregoing and the conclusion that Petitioner's § 2254 application and the claims raised therein are time-barred, it is

ORDERED that Respondent's Motion for Summary Judgment (Document No. 15) is GRANTED, Petitioner's Cross Motion for Summary Judgment (Document No. 21) is DENIED, and this § 2254 proceeding is DISMISSED with prejudice as time-barred.  It is further

ORDERED that a certificate of appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

_____

(5th Cir. 2002).

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-1604 (2000) (internal quotations and citations omitted). Stated differently, where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 1604; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604. A certificate of appealability may be denied *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth herein, the Court determines that reasonable jurists would find not find the Court's assessment of Respondent's limitations defense to be debatable or wrong. Therefore, a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 11th day of January, 2006.


Frances H. Stacy
United States Magistrate Judge